IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BUI PHU XUAN, | § | |
| a/k/a Phu Xuan Bui,[1] | § | |
| (TDCJ No. 830601) | § | |
| VS. | § | CIVIL ACTION NO.4:05-CV-370-Y |
| | § | |
| | § | |
| FORT WORTH/TARRANT COUNTY | § | |
| HEALTH DEPARTMENT, et al. | § | |

ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT,
and OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)
(With special instructions to the clerk of Court)

This case is before the Court for review of pro-se inmate and plaintiff Bui Phu Xuan's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The Court previously directed Xuan to file a more definite statement. He did so on October 12, 2005. On November 17, 2005, however, Xuan filed a motion for leave to file a second amended complaint, along with the original and a copy of the proposed second amended complaint with attachments. After review and consideration of the motion, the Court concludes that the motion for leave should be granted such that the second amended complaint should be filed the date of entry of this order. Because an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original pleading of no legal

---

[1] Plaintiff was convicted and is housed in the Texas Department of Criminal Justice under the name "Phu Xuan Bui," and thus the clerk of Court is directed to add this name to further identify him on the docket.

effect, this Court now will look **only** to the second amended complaint in reviewing Xuan's claims.[2]

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[5] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[6] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[7]

---

[2] *See Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985).

[3] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2005).

[4] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[5] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2005).

[6] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[7] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit.[8] In Texas, the applicable limitations period is two years.[9] A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[10]

Accrual of a claim under § 1983 is determined by federal law,[11] under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action.[12] The essence of Xuan's complaint is that in December 1997, he was subjected to a Court ordered blood test for possible exposure of his blood to a law enforcement officer, and that approximately two weeks later, he was informed by an unnamed nurse that he was HIV positive. (Second Amended Complaint ("SAC") at § V, attachment page.) He alleges that he also related the positive test for HIV to the Texas Department of Criminal Justice upon the July 1998 initial screening

---

[8] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985)(state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983).

[9] *See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon 2002) (Texas's two-year, personal-injury limitations statute).

[10] *See Harris v. Hegman,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore,* 30 F.3d at 620, *citing Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993).

[11] *See Harris,* 198 F.3d at 157; *see also Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

[12] *See Harris,* 198 F.3d at 157, *citing Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) and Burrell, 883 F.2d at 418.

3

report. (SAC § V, attachment page.)  Xuan alleges that he did not know until June 2004, when he went in for sick call at the Clements unit, that he was not HIV positive.  He complains that as a result of the false positive report in early 1998, he "lost a great deal of sleep and began to have severe headaches and severe anxiety."  He alleges, however, that he was receiving medication treatments from the TDCJ medical staff in 1998 and continued with a gradual increase in the medication diphenhydramine over the course of the next several years.  Xuan contends that as a result of the reported HIV positive in 1998, that he chose to contest his murder conviction rather than accept probation, resulting in a conviction and imposition of a ninety-nine year sentence.[13] (SAC § V, attachment page 1.)  He also alleges that had he not been convicted, he could have protected his daughter, who was killed in February 2007. (SAC § V, attachment page 2, exhibit 6.)

Upon review of the allegations in this complaint, the Court sees no basis to believe that Xuan did not know or have reason to know of the injuries giving rise to his claims within months of the 1998 events.  Xuan acknowledges receiving medical care within the TDCJ system from his incarceration in 1998 and throughout the intervening years.  It is implausible that Xuan went for over 6 years without inquiring of medical personnel, or otherwise having

---

[13]Plaintiff, identified as Phu Xuan Bui, was convicted of murder in the multiple stabbing of Gioi Nguyen in cause number 0434334 in the 372nd Judicial District Court of Tarrant County,Texas. See *Xuan v. Cockrell*, No.4:01-CV-993-A (May 20, 2002, Findings, Conclusions and Recommendation, *adopted* June 11, 2002). The Court takes judicial notice of the records of this case.

4

additional medical review, that would have confirmed or not the presence of the HIV virus in his blood.  Since Xuan did not file this suit until June 2005, his claims recited in Court are too late: the applicable two-year statute of limitations already had expired prior to the time Xuan filed suit.  Accordingly, this suit must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and (ii).

Therefore, Xuan's motion for leave to file a second amended complaint [docket no. 18] is GRANTED and the clerk of Court is directed to file the second amended complaint.

All Xuan's claims are hereby, DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

SIGNED March 10, 2006.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

5